## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:20-cr-363-MOC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| DAJUAN AKEEM BLAIR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant Dajuan Akeem Blair's Pro Se Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3583(c)(2). (Doc. No. 59). The Government has responded in opposition to the motion. (Doc. No. 64). For the following reasons, Defendant's motion will be denied.

## I.      BACKGROUND

In December of 2018, Defendant took two 16-year-old girls to a hotel in Charlotte, North Carolina, where he took suggestive and pornographic photographs of them, advertised their availability for commercial sex acts online, and facilitated their engaging in commercial sex acts with 20 "customers" over two days. (Doc. No. 41 ¶¶ 10–23). Defendant was 24 years old at the time of his offense. (Id. ¶ 11).

A federal grand jury indicted Defendant and charged him with two counts of sex trafficking a minor, 18 U.S.C. § 1951(a)(1), (b)(2), (c), and two counts of production of child pornography, 18 U.S.C. § 2251(a), (e). (Doc. No. 1). Defendant entered into a plea agreement with the United States and pleaded guilty to one of the sex-trafficking offenses. (Doc. Nos. 26, 27).

This Court's probation office submitted a presentence report and calculated a total

1

offense level 38. (Doc. No. 41 ¶ 55). The probation office assessed Defendant three criminal-history points. (Id. ¶ 65). These points included two criminal-history points for marijuana-possession offenses. (Id. ¶¶ 58–59). The probation office concluded that the Sentencing Guidelines advised a sentence of between 262 and 327 months in prison based on a total offense level of 38 and a criminal-history category of II. (Id. ¶ 113). Defendant faced a mandatory-minimum sentence of 10 years in prison. (Id. ¶ 112). This Court varied downward by more than 100 months and sentenced Defendant to 151 months in prison. (Doc. No. 56 at 2; Doc. No. 57 at 3).

Defendant now asks this Court to reduce his sentence based on recent amendments to or commentary in the Sentencing Guidelines. (Doc. No. 59). Specifically, Defendant asserts that this Court should have granted him leniency because two of his criminal-history points arose from marijuana-possession offenses, because he did not have extensive criminal history, and because of his youth at the time of the offenses. (Id.).

## II.     DISCUSSION

Defendant is not eligible for a sentence reduction under any retroactively applicable amendment to the Sentencing Guidelines. Defendant asks this Court to reduce his sentence under 18 U.S.C. § 3582(c)(2). That statute authorizes a district court to reduce a defendant's sentence where the defendant was sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission, if a reduction is consistent with Sentencing Guidelines § 1B1.10 and the 18 U.S.C. § 3553(a) sentencing considerations weigh in favor of a reduction.

Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline

range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

Defendant is not eligible for a reduction in his sentence because he has not identified any retroactively applicable Sentencing Guidelines amendment that would have the effect of lowering his Sentencing Guidelines range of imprisonment. In Amendment 821, the Sentencing Commission amended the commentary to Sentencing Guidelines § 4A1.3 to state that a downward departure from a defendant's criminal-history category "may be warranted" where the defendant received criminal-history points from a sentence for possession of marijuana for personal use, without an intent to sell or distribute it to another person. Although Defendant received two criminal-history points for marijuana-possession convictions, this part of Amendment 821 — Part C — was not made retroactively applicable. And even if it required the

3

reduction of two criminal-history points, that reduction would not yield a guideline range lower than the 151-month sentence Defendant received.

Similarly, in Amendment 829, the Sentencing Commission amended Sentencing Guidelines § 5H1.1 to state that a downward departure may be warranted because of the defendant's youth at the time of the offense and in Amendment 826, the Sentencing Commission amended Sentencing Guidelines § 1B1.3 to state that relevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless the conduct also establishes the offense of conviction. Neither of these amendments has been made retroactively applicable. And Defendant would not be eligible for a reduction under Amendment 826, in any event, because he was not penalized for relevant conduct that was based on conduct for which he was charged and acquitted in federal court.

Because Defendant has not identified any Sentencing Guidelines amendment that would result in a guideline range below the sentence he received, he is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). The Court denies Defendant's motion for a reduced sentence.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Pro Se Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3583(c)(2), (Doc. No. 59), is **DENIED**.

Signed:  January 28, 2025

Max O. Cogburn Jr.
United States District Judge

4